## Sylvanus L. Hill, Appellant, v. John W. Dougherty, Appellee.

1. INSTRUCTIONS—*when should sum up entire case.* An instruction which concludes with a direction to the jury is properly refused if it excludes consideration of a material issue.

2. INSTRUCTIONS—*when submission of question of law not prejudicial.* While it is improper to tell the jury that the plaintiff must prove all the material allegations in the declaration, etc., such error is harmless where the declaration consists merely of the common counts.

3. INSTRUCTIONS—*estoppel to complain.* A party cannot complain of an instruction which contains a vice common to instructions given at his own instance.

Assumpsit. Appeal from the Circuit Court of Jersey county; the Hon. OWEN P. THOMPSON, Judge, presiding. Heard in this court at the May term, 1910. Affirmed. Opinion filed May 26, 1911.

FERNS & SUMNER, for appellant.

HAMILTON & HAMILTON, for appellee.

MR. PRESIDING JUSTICE PUTERBAUGH delivered the opinion of the court.

The plaintiff brought suit in *assumpsit* for the recovery of the sum of $1,736, being the difference in the price for which he claimed the defendant had agreed to sell him certain land and that for which the defendant afterward sold the same to another. The declaration consisted of the common counts.

The evidence discloses that on April 27, 1909, the parties entered into a contract in writing by the terms of which Dougherty sold to Hill a farm of 124 acres, for the sum of $10,664, the purchase price to be paid on March 1, 1910, at which time Dougherty agreed to furnish an abstract showing merchantable title in himself, and to convey the property. During the following February, Hill employed one Rhodes to sell the farm in question at a price of not less than $90 per acre and agreed to divide with him equally all that he might obtain over that price. Within a few days thereafter Rhodes, pursuant to said latter agreement, contracted in writing to sell the farm to one Berndt for $100 per acre, the consideration, except the sum of $10, to be paid on March first following, or within five days from the date of delivery to Berndt of an abstract showing merchantable title. After the making of such contract Hill advised Dougherty, both by letter and in person, that he had sold the farm to Rhodes, of the terms of the sale, and that the contract was in the bank at Waverly, requesting that he send the abstract of title at once, and stating that the purchase money for the farm would be at the bank. He suggested that Dougherty convey the land direct to Berndt and after deducting from the consideration paid the amount due him, he pay the balance to Hill. Dougherty acquiesced in such arrangement and furnished the abstract of title. On February 27th, Hill wrote to Dougherty asking him to meet him at Waverly on the following morning, stating that the purchase

money was in the bank for him, but that the abstract of title was imperfect. Dougherty went to Waverly as requested and met Hill, who again stated that the money was ready at the bank. Later in the day Dougherty ascertained that not only had Rhodes not purchased the farm but that there was no money in the bank as claimed by Hill. He proceeded to have the abstract of title perfected. On March first, the following day, upon Dougherty's suggestion, Rhodes telephoned to Hill and learned from him that he had no money, and on March second, was advised by Hill in person to the same effect. He thereupon demanded the balance of the purchase price from Hill and served notice upon him that in the event of his failure to pay the same by noon of March third, his rights under their contract would be forfeited.

The evidence further shows that in the meantime Rhodes, acting for Hill, had been negotiating with one Caruthers for a loan of $10,000 upon the land; that Caruthers had inspected the property, examined the abstract of title, and had agreed with Rhodes that if certain money due to him on March fifth following should be paid, he would make the loan; that on March fifth Caruthers loaned said sum to Berndt, who had obtained from other sources the balance of the purchase price, and upon payment of the sum to Dougherty he conveyed the farm to Berndt upon the terms specified in the contract between Rhodes and Berndt, which still remained in the bank.

The conclusions reached by us from the entire evidence, which we shall not further rehearse or discuss in detail, are that the plaintiff entered into the contract involved purely as a speculation and without any financial ability to perform the same; that he failed to comply with his agreement within the time stipulated, and misrepresented the facts to the defendant; that the defendant would have been justified in refusing to convey after March first, and his agreement to extend the time to March third at noon, if made as

claimed, was a concession which the plaintiff cannot attack as unreasonable, it being a mere matter of grace. The merits of the case are clearly with the defendant, and there is no reasonable theory either at law or in equity under which the jury could have found for appellant upon the facts.

The plaintiff's tenth refused instruction eliminated the question of time from the alleged modified contract, and was properly refused. The defendant's third given instruction, which told the jury that the plaintiff must prove all the material allegations in the declaration by a preponderance of the evidence, and that in case he failed to do so they should find for the defendant, was erroneous in the use of the word "material." Inasmuch as the declaration consisted of the common counts only, the plaintiff was not prejudiced. The fourth instruction given for the defendant should not have been given, though when read in connection with the other instructions it could not have misled the jury. It is, however, substantially the same as the fifth instruction given at the request of plaintiff, and he is therefore estopped to complain.

The judgment of the Circuit Court is affirmed.

*Affirmed.*